# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COURTENAY HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:18-03391-CV-S-SRB |
| | ) | |
| ALDEN WILLIAMS and MAX HUFFMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Max Huffman's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #64). For the following reasons the Motion is granted in part and denied in part.

### I.  Background

Since this matter comes before the Court on a Motion to Dismiss, Plaintiff Courtenay Hurt's allegations as set forth in the complaint are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). At all times relevant to this action, Plaintiff was an inmate at the "Dade County Sheriff's Office"[1] ("Dade County Jail"), Defendant Alden Williams was employed as a jailor at Dade County Jail, and Defendant Sheriff Max Huffman was (and still is) the Sheriff of Dade County. Defendant Williams regularly served meals to Plaintiff and other inmates at Dade County Jail. Plaintiff observed on various occasions that Defendant Williams sometimes served food trays without gloves on, and that sometimes Defendant Williams was sweaty while serving meals to the

---

[1] The Court presumes Plaintiff's allegation is that he was an inmate at the Dade County Jail, which is operated by the Dade County Sheriff's Department.

inmates.  Plaintiff observed Defendant Williams regularly "would specifically provide the bottom tray of food to Plaintiff."  (Doc. #53, ¶ 10).

On August 13, 2016, Plaintiff observed Defendant Williams was sweaty while serving meals to the inmates.  On the same day, Plaintiff observed a portion of the food on the tray he was served contained human semen.  Plaintiff refused the tray and was not provided a different tray.  On August 14, 2016, a Dade County Sheriff's Department employee advised Plaintiff that Defendant Williams was caught masturbating in a bathroom in Dade County Jail.  Plaintiff subsequently "made a complaint with the Sheriff's office about being served food tainted with semen."  (Doc. #53, ¶ 14).  The Dade County Sheriff's Department conducted an investigation, which included an interview of Defendant Williams.  Defendant Williams admitted in his interview that he masturbated almost daily at the Dade County Jail but denied contaminating Plaintiff's food with semen.  Plaintiff was also interviewed as part of the investigation.  A Dade County Sheriff's Department report indicated that Plaintiff was advised he would be transferred to another jail facility while the incident was investigated.  The same report indicated that Plaintiff requested "the grievance be dropped and the paperwork shredded" to avoid being transferred.  (Doc. #53, ¶ 17).  "The paperwork was not shredded and Plaintiff was transferred to another facility."  (Doc. #53, ¶ 18).  "To the best of Plaintiff's knowledge, [Defendant Huffman] did not fire [Defendant Williams] for this act nor further investigate the actions of [Defendant] Williams tampering with food of Plaintiff or other inmates at the Dade County Jail."  (Doc. #53, ¶ 23).  Plaintiff later returned to the Dade County Jail for a court appearance in Dade County. On that occasion, Defendant Huffman "told Plaintiff that he was sorry that Plaintiff would have to miss lunch while at the Dade County Jail . . . and smiled [] at Plaintiff."  (Doc. #52, ¶ 20).

"Plaintiff has suffered physical and emotional distress, fully believing that he had eaten food contaminated by at least [Defendant] Williams of the Dade County Sheriff's Office, if not others, before observing what [Defendant] Williams was doing to his food." (Doc. #53, ¶ 25). The Second Amended Complaint ("Complaint") sets forth five claims under 42 U.S.C. § 1983 against Defendant Huffman in his individual capacity: Count 1, due process violation; Count 2, Eighth Amendment violation; Count 3, equal protection violation; Count 4, civil conspiracy; and Count 5, failure to supervise.[2] Defendant Huffman moves to dismiss Counts 2, 4, and 5.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570); *Zink*, 783 F.3d at 1098. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation and quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). "Threadbare recitals of the

---

[2] The Complaint lists Counts 4 and 5 as duplicative Counts 3. To avoid confusion, the Court refers to the civil conspiracy claim as "Count 4" and the failure to supervise claim as "Count 5."

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citation and quotation marks omitted).

### III. Discussion

#### A. Count 2: Eighth Amendment Violation

"The Eighth Amendment requires prison officials to provide humane conditions of confinement." *Lott v. Roper*, No. 4:04CV989 RWS, 2006 WL 2038635, at *4 (E.D. Mo. July 19, 2006), *aff'd*, 256 F. App'x 887 (8th Cir. 2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While the Constitution "does not mandate comfortable prisons," prisoners may not be denied "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* (quoting *Farmer*, 511 U.S. at 832) (internal quotation marks omitted). "To prevail on an Eighth Amendment claim, an inmate must prove both an objective and a subjective element." *Id.* (citing *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998)). "First, the alleged deprivation, objectively, must be 'sufficiently serious'; the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'; or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" *Id.* (quoting *Simmons*, 154 F.3d at 807) (internal citation and quotation marks omitted). "Second, the prison official, subjectively, must act with 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Simmons*, 154 F.3d at 807) (internal citation and quotation marks omitted).

Defendant Huffman argues that Plaintiff alleges Defendant Huffman should be liable for violating the Eighth Amendment under a *respondeat superior* theory, which is not a viable

theory. Plaintiff argues "Sheriff Huffman is ultimately in charge [of the environment at the Dade County Jail], allowing [the alleged incident(s)] to occur at his jail, then doing little to nothing to remedy the situation after August 15 and making jokes to Plaintiff [about] having to eat said food in a return visit to the jail several months following this incident." (Doc. #69, p. 1). The specific allegations regarding Defendant Huffman's actions are that: (1) Defendant Huffman became aware that Defendant Williams was "masturbating on a daily basis while working in his jail," (Doc. #53, ¶ 23); (2) "[Defendant Huffman] did not fire [Defendant Williams] for this act nor further investigate the actions of [Defendant] Williams tampering with food of Plaintiff or other inmates at the Dade County Jail" (Doc. #53, ¶ 23); (3) "Plaintiff made a complaint with the Sheriff's office about being served food tainted with semen upon learning of Alden Williams being caught masturbating in a bathroom of the jail" (Doc. #53, ¶ 14); (4) during Plaintiff's later return to the Dade County Jail, Defendant Huffman "deliberately and specifically went up to Plaintiff and made an off-handed remark to Plaintiff about the fact that Plaintiff would not get to enjoy food at the jail [during his return visit]" (Doc. #53, ¶ 24); and (5) when "Plaintiff asked Sheriff Huffman what he meant by this . . . Sheriff Huffman smiled back at Plaintiff." (Doc. #53, ¶ 20).

The alleged acts of knowing that an inmate's food has been contaminated with semen, doing nothing to remedy the situation, and taunting an inmate about eating such food strikes the Court as the type of "sufficiently serious" behavior that may result in the denial of "the minimal civilized measure of life's necessities" or "pose a substantial risk of serious harm." While there is no case law directly on point with these particular allegations, the Court finds, accepting Plaintiff's allegations as true and construing all reasonable inferences in his favor, that Plaintiff has pled a claim for Eighth Amendment violation that is facially plausible. *See, e.g., Day v.*

*Norris*, 219 F. App'x 608, 610 (8th Cir. 2007) (reversing dismissal where plaintiff inmate alleged his prison diet did not provide him adequate nutrition and "'sometimes' contained dirt and other foreign objects," and that as a result he "lost weight, was fatigued, and suffered hunger pangs and mental anguish"); *Divers v. Dep't of Corr.*, 921 F.2d 191, 193–94 (8th Cir. 1990) (per curiam) (reversing preservice dismissal of inmate plaintiff's Eighth Amendment violation claim to afford plaintiff the opportunity to show the diet was insufficient to maintain health where plaintiff alleged his food was of poor quality, unsanitary, and insufficient in amount); *Obama v. Burl*, 477 F. App'x 409, 412 (8th Cir. 2012) (reversing district court's dismissal of inmate plaintiff's Eighth Amendment violation claim where plaintiff alleged inadequate food portions caused weight loss); *Cody v. CBM Corr. Food Servs.*, 250 F. App'x 763, 765 (8th Cir. 2007) ("[To prove an Eighth Amendment violation based on inadequate nutrition], a prisoner must show '. . . the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.'") (quoting *Wishon v. Gammon*, 978 F.2d 446 (8th Cir.1992)). Accordingly, Defendant Huffman's motion to dismiss Count 2 for Eighth Amendment violations is denied.

### B. Count 4: Civil Conspiracy

"To plead a § 1983 conspiracy claim a plaintiff must plead that he suffered a deprivation of a constitutional right or privilege." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal citation and quotation marks omitted). "To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (internal citation omitted). Defendant Huffman argues that Plaintiff is

required to "allege sufficient 'specific facts' giving rise to an inference of a meeting of the minds between defendants to violate the plaintiff's constitutional rights." (Doc. #70, p. 3) (citing *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010)) (holding that "a conspiracy claim, however, requires allegations of specific facts tending to show a 'meeting of the minds" among the alleged conspirators.") (internal citations omitted). Plaintiff argues that "the facts alleged in the 2nd Amended Complaint, taken as a whole and no[t] piece-meal as Defendants have done in their argument, support facts to establish a civil conspiracy." (Doc. #69, p. 1). The Eighth Circuit requires specific facts giving rise to an inference of a meeting of the minds. *Murray*, 595 F.3d at 870. There is no such allegation in the Complaint; therefore, Defendant Huffman's motion to dismiss Count 4 for civil conspiracy is granted.

### C. Count 5: Failure to Supervise

In order to state a claim for failure to supervise, a plaintiff must allege that the supervisor:

1) Received notice of a pattern of unconstitutional acts committed by subordinates;
2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;
3) Failed to take sufficient remedial action; and
4) That such failure proximately caused injury[].

*Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010) (internal citations omitted).

Defendant Huffman argues that Plaintiff has not alleged all the necessary elements, including that "the only awareness Plaintiff attempts to show, prior to his own complaint, is that other staff/jailers knew that Defendant Williams was masturbating at work. Defendant Williams' actions in that context are not unconstitutional acts." (Doc. #70, p. 4). Plaintiff alleges that he was served food that contained semen on at least one, but potentially multiple

7

occasions (Doc. #53, ¶¶ 10, 12), Dade County Sherriff's Department employees had prior knowledge that Defendant Williams masturbated while at work (Doc. #53, ¶ 13), "Plaintiff made a complaint with the Sheriff's office about being served food tainted with semen upon learning of Alden Williams being caught masturbating in a bathroom of the jail" (Doc. #53, ¶ 14), Defendant Williams admitted to daily acts of masturbation at work (Doc. #53, ¶ 15e), and Defendant Williams admitted that Deputy Hill caught him masturbating (Doc. #53, ¶ 15f). Plaintiff alleges that "[Defendant Huffman] did not fire [Defendant Williams] for this act nor further investigate the actions of [Defendant] Williams tampering with food of Plaintiff or other inmates at the Dade County Jail" (Doc. #53, ¶ 23), Plaintiff experienced taunting by Defendant Huffman upon his return visit to Dade County Jail (Doc. #53, ¶¶ 20, 24), and Plaintiff has suffered physical and emotional distress as a result (Doc. #53, ¶ 25). In examining these factual allegations, Plaintiff has alleged sufficient facts to state a claim for failure to supervise. Accordingly, the motion to dismiss Count 5 is denied.

## IV. Conclusion

Accordingly, Defendant Sheriff Huffman's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #54) is GRANTED IN PART and DENIED IN PART. Count 4 is dismissed, while Counts 2 and 5 survive.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: June 8, 2020